UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| HUGO MORAN-DOPICO, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 2:10CV52 JCH |
| ) | |
| SHERIFF ROBERT DAVIS, et al., ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), filed October 18, 2010. (Doc. No. 14). The motion is fully briefed and ready for disposition.

By way of background, Plaintiff Hugo Moran-Dopico is an inmate at the Carson City Correctional Facility in Carson City, Michigan. Plaintiff originally filed his Complaint pursuant to 42 U.S.C. §§ 1983, 1985(3) and 1986, in the United States District Court for the Western District of Michigan. The Complaint was filed in Michigan on August 13, 2010, and transferred to this Court on August 20, 2010. (Doc. Nos. 1, 5). The named Defendants were Robert Davis, Sheriff of Montgomery County, Missouri, and Roger See, Administrator of the Montgomery County Jail. (Id.).

In his Complaint, Plaintiff claims he was unlawfully detained in Franklin County, Missouri, on April 28, 2005, by unnamed agents. Plaintiff asserts he initially was told he was being detained because he was on an I.N.S. "hold," but that he is an American Citizen and the arresting agents were notified of this fact within twenty-four hours of his detainment. Despite these circumstances, Plaintiff claims Defendants Davis and See conspired unlawfully to detain him at the Montgomery County Jail from April 29, 2005, until the State of Michigan served Missouri with a "Governor's Warrant" for

his arrest and a request for extradition on July 8, 2005, said warrant pertaining to the delivery/manufacturing of controlled substances. Plaintiff was extradited to the State of Michigan on July 27, 2005.

In their Motion to Dismiss, Defendants assert Plaintiff's Complaint must be dismissed as barred by the applicable statutes of limitations. (Doc. No. 14). Specifically, Defendants maintain the statute of limitations for an action under 42 U.S.C. § 1983 in the State of Missouri is five years[1], the statute of limitations for an action under 42 U.S.C. § 1985(3) is three years[2], and the statute of limitations for a claim under 42 U.S.C. § 1986 is one year[3]. (Id.). Thus, Defendants maintain Plaintiff's causes of action were untimely filed, as all acts alleged occurred more than five years prior to the filing of this suit on August 13, 2010. (Id.).

## DISCUSSION

"In Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the Supreme Court adopted the 'prisoner mailbox rule' for determining when a *pro se* prisoner's notice of appeal is filed." Ilgenfritz v. Tipler, 2009 WL 73288 at *2 (E.D. Mo. Jan. 7, 2009). The Supreme Court initially noted that a notice of appeal generally is not deemed filed until the court clerk actually receives it, "based on the rationale that a 'litigant who *chooses* to mail a notice of appeal assumes the risk of untimely delivery and filing.'" Id. The situation is different for a pro se prisoner, however, as he "has no choice but to hand his notice over to prison authorities for forwarding." Id. (internal quotations and citation omitted). As a result, the Supreme Court in Houston declared that a notice

---

[1] See LaNear v. Slay, 2008 WL 238510 (E.D. Mo. Jan. 25, 2008); Robinson v. St. Louis County, Mo., 2008 WL 3834150 (E.D. Mo. Aug. 12, 2008).

[2] See Peterson v. Fink, 515 F.2d 815 (8th Cir. 1975).

[3] See Kaminsky v. Missouri, 2007 WL 2994299 (E.D. Mo. Oct. 11, 2007).

of appeal is considered filed as soon as the prisoner delivers the notice to the prison authorities to be mailed to the court clerk. Id.

After Houston, the Federal Rules of Appellate Procedure were modified to incorporate the prisoner mailbox rule. See Fed.R.App.P. 4(c)(1); Sulik v. Taney County, Mo., 316 F.3d 813, 815 (8th Cir. 2003). Furthermore, the Eighth Circuit, along with many other United States Courts of Appeals, has extended the application of the prisoner mailbox rule beyond notices of appeal, to include all civil complaints made by prisoners. Sulik, 316 F.3d at 815; Richard v. Ray, 290 F.3d 810, 813 (6th Cir. 2002); Edwards v. United States, 266 F.3d 756, 758 (7th Cir. 2001). In order to gain the benefit of the rule, however, the prisoner must prove that his or her filing was timely, by producing an affidavit or notarized statement establishing the date of filing.

In the instant case, Plaintiff fails to submit an affidavit or sworn statement establishing the date of filing.[4] Plaintiff signed his pro se Complaint on July 7, 2010, a date potentially within the five year statute of limitations for § 1983 claims. (See Doc. No. 1, PP. 6, 7). Absent evidence to the contrary, this date of signing would be deemed the filing date of the Complaint. See Bradley v. Dwyer, 2006 WL 2987039 at *1 (E.D. Mo. Oct. 17, 2006). Upon review of the record, however, the Court notes that Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP") the same day he submitted his Complaint in this matter. (Doc. No. 2). Attached as an exhibit to the IFP motion is a Certificate of Prisoner Institutional/Trust Fund Account Activity, dated August 9, 2010. (Doc. No. 2-1). The Court finds this exhibit offers proof that Plaintiff submitted his Complaint for mailing no earlier than August 9, 2010, a date outside the five year statute of limitations for his claims.[5] Plaintiff's Complaint

---

[4] In fact, Plaintiff does not respond in any way to Defendants' assertions regarding the applicable statutes of limitations.

[5] As detailed above, Plaintiff's claims against these Defendants accrued on or before July 27, 2005, the day he was extradited to Michigan.

thus was untimely filed and must be dismissed. Reece v. Missouri Dept. of Corrections, 2008 WL 4291167 (E.D. Mo. Sep. 16, 2008).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 14) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED** with prejudice. An appropriate Order of Dismissal will accompany this Memorandum and Order.

Dated this 13th day of December, 2010.

/s/ Jean C. Hamiton
UNITED STATES DISTRICT JUDGE